IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv58

| | |
|---|---|
| ALLISON OUTDOOR ADVERTISING, LP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ) | |
| TOWN OF CANTON, NORTH ) | |
| CAROLINA and LINTON WHEELER, ) | |
| in his official capacity as Town ) | |
| Building Inspector, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court is Defendants' Motion to Dismiss [# 7]. Plaintiff brought this action requesting a declaratory judgment that the Sign and Zoning Ordinances for the Town of Canton, North Carolina allow it to erect eight billboards in a C-2 zoning district. Plaintiff also contends that every sign restriction in both the Sign and Zoning Ordinances is unconstitutional under the First and Fourteenth Amendments to the United States Constitution. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 7].

I. **Background**[1]

Plaintiff is a North Carolina limited liability partnership that is in the business of posting and operating signs for various entities. (Pl.'s Compl. ¶ 1.) Plaintiff owns and operates signs in and around the Town of Canton, North Carolina ("Canton"). (Id. ¶ 7.) On October 27, 2009, Canton adopted a Sign Ordinance that was intended to regulate "all outdoor advertising" and other specified signs as defined in the Sign Ordinance. (Id. ¶ 7; Town of Canton, Code of Gen. Ordinances § 9-7001 (2009).)

After reviewing the Sign Ordinance, Plaintiff submitted applications to erect nine signs. (Pl.'s Compl. ¶¶ 9-10, 13.) Plaintiff contends that each of the nine locations complied with the requirements of the Sign Ordinance. (Id. ¶ 11.) Canton denied the nine applications. (Id. ¶ 14.) Defendant Linton Wheeler, the official authorized to review and process sign applications for Canton, informed Plaintiff via a letter that the applications were denied because Section 9-4025(b)(33) of the Town Zoning Ordinance prohibits billboards in a C-2 zone, and

---

[1] In response to the Motion to Dismiss, Plaintiff submitted the transcripts from the hearings for the Canton Board of Zoning meeting. This transcript was not attached to Complaint and is not properly before the Court for consideration of Defendants' Motion to Dismiss pursuant to Rule 12(b)(6). The Court, however, may consider evidence outside the pleadings in ruling on a motion to dismiss pursuant to Rule 12(b)(1) where a challenge is raised to the factual basis for subject matter jurisdiction. See Richmond, Fredericksburg & Potomac R.R. Co. v. U. S., 945 F.2d 765, 768-69 (4th Cir. 1991); Trinity Outdoor, L.L.C. v. City of Rockvill, Md., 123 F. App'x 101, 105 (4th Cir. 2005) (unpublished).

the proposed billboards were all located in a C-2 zone. (Id. ¶¶ 3,14.) Specifically, Section 9-4025(b)(33) provides that "[s]igns, excluding billboards" are allowed in a C-2 zone provided the signs do not exceed 12 square feet and contain no flashing illumination. Town of Canton, Code of Gen. Ordinance § 9-4025(b)(33). The Board of Aldermen of Canton enacted the Zoning Ordinance:

> for the purpose of promoting the health, safety, morals, convenience, order, prosperity or the general welfare of the Town; securing safety from fire, panic, and other dangers; preventing the overcrowding of land; avoiding undue concentration of population; facilitating the adequate provisions of transportation, water, sewerage, schools, and other public requirements; conserving the value of buildings and encouraging the most appropriate use of land and buildings throughout the Town, all in accordance with a comprehensive plan . . . .

Town of Canton, Code of Gen. Ordinance § 9-4001. In addition, the stated intent of Section 9-4025 is:

> to provide for general commercial activity at convenience points in the Town. Regulations are designed to preserve the traffic carrying capacity of the streets and to provide for off-street parking. It is not the intent of this district to encourage extensive strip commercial development, but rather to provide concentrations of general commercial activities.

Town of Canton, Code of Gen. Ordinance § 9-4025(a).

Plaintiff then appealed the decision of Defendant Wheeler to the Canton Board of Zoning Appeals (the "Board"). (Pl.'s Compl. ¶ 18.) On appeal, Plaintiff argued - as it does in this action - that Defendant Wheeler erred by finding that

billboards are not allowed in the C-2 zone because this finding was based "on outdated provisions of the general zoning Ordinance" as opposed to the Sign Ordinance enacted in 2009.  (Id. ¶ 16.)  The Board heard Plaintiff's appeal on February 10, 2011.  (Id. ¶ 19.)  Subsequently, the Board reversed the decision denying one of the applications, finding that it was located in an I-2 zone rather than a C-2 zone.  (Id. ¶ 20.)  The Board, however, affirmed the decision denying the remaining applications on the ground that the proposed sites for the signs are located in a C-2 zone.  (Id.)  Plaintiff then brought this action challenging the decision of the Board, as well as the constitutionality of the Sign and Zoning Ordinances.

Count One of the Complaint seeks a declaratory judgment declaring that the signs at issue in the applications are authorized under the applicable regulations. (Id. ¶ 23.)  Count Two seeks a writ of mandamus ordering Defendants to allow Plaintiff to erect the signs.  (Id. ¶¶ 25-6.)  Count Three seeks a declaration that Canton's "Sign Regulations" violate the First Amendment to the United States Constitution, as well as the North Carolina Constitution.  (Id. ¶¶ 28-35.)  Count Four seeks a declaration that the "Sign Regulations" violate the Fourteenth Amendment to the United States Constitution, as well as the North Carolina Constitution.  (Id. ¶¶ 37-8.)  Plaintiff also seeks damages suffered as a result of the

4

allegedly unconstitutional regulations.  (Id. ¶¶ 35, 39.)

## II. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief.  See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009).  In considering a defendant's motion to dismiss, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to plaintiff.  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92.  Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256.  "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.  Nor will mere labels and legal conclusions suffice.  Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned,

the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. ____, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that the defendants acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Fed. R. Civ. P. 12(b)(1). A defendant's challenge to a plaintiff's standing to assert a claim is properly considered pursuant to a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. See White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459 (4th Cir. 2005). In ruling on a motion to dismiss under Rule 12(b)(1), the Court may consider evidence outside

the pleadings without converting a defendant's motion to one for summary judgment. Id.; Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991). Ultimately, the burden of proof is on the plaintiff to demonstrate that the Court has subject-matter jurisdiction over a dispute. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

**III. Analysis**

**A. Plaintiff Lacks Standing to Challenge Every Provision of the Sign and Zoning Ordinances that Restricts Signs**

Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies. Doe v. Obama, 631 F.3d 157, 160 (4th Cir. 2011); Friends of the Earth, Inc. v. Gaston Copper Recycling Corp., 629 F.3d 387, 396 (4th Cir. 2011). The doctrine of "standing is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992). "This requirement ensures that a plaintiff has a personal stake in the outcome of a dispute, and that judicial resolution of the dispute is appropriate." Gaston Copper, 629 F.3d at 396. In order to satisfy the constitutional requirements for standing, a plaintiff must demonstrate:

> 1) he or she suffered an "injury in fact" that is concrete and particularized, and is actual or imminent; 2) the injury is fairly traceable to the challenged action of the defendant; and 3) the injury likely will be

redressed by a favorable decision.

Id.; see also Lujan, 504 U.S. at 560-61, 112 S. Ct. at 2136.[2]

In the context of constitutional challenges to sign regulations adopted by municipalities, the United States Court of Appeals for the Fourth Circuit has explained that a plaintiff must establish standing as to <u>each</u> provision of the sign regulation the plaintiff challenges by demonstrating that he or she was injured by the application of <u>each</u> provision. Covenant Media of S.C., LLC v. City of North Charleston, 493 F.3d 421, 430 (4th Cir. 2007); see also Covenant Media of N.C, L.L.C. v. City of Monroe, 285 F. App'x 30, 34 (4th Cir. 2008) (unpublished); Covenant Media of S.C., LLC v. City of North Myrtle Beach, No. 4:04-22957, 2007 WL 2981934, at *5 (D.S.C. Sept. 26, 2007) (unpublished). The fact that plaintiff may have standing to challenge one provision of a sign regulation "does not provide it a passport to explore the constitutionality of every provision of the [s]ign [r]egulation." City of North Charleston, 493 F.3d at 430.

Although Plaintiff contends that it is challenging the constitutionality of every sign restriction contained in both the Sign and Zoning Ordinances (Pl.'s Resp. Mot. Dismiss p. 22; Pl.'s Compl. ¶¶ 17, 28, 37), Plaintiff has not

---

[2] In addition to these constitutional requirements, a plaintiff must satisfy any statutory requirements for standing applicable to the specific claims the plaintiff asserts. Gaston Copper, 629 F.3d at 396.

demonstrated that it has standing to challenge each and every provision of these ordinances; Plaintiff has not demonstrated that it was injured by each of these provisions, as required by the Fourth Circuit. See City of North Charleston, 493 F.3d at 430. Rather, the only provision of the ordinances for which Plaintiff has established that it has standing is Section 9-4025(b)(33) - the section pursuant to which Canton and the Board of Zoning Appeals denied Plaintiff's applications for permits. (Pl.'s Compl. ¶¶ 14, 20.) The Complaint does not allege that either the Town of Canton or the Board of Zoning Appeals denied the applications for any other reason or that it suffered any injury as a result of any other provision. Thus, Plaintiff has only demonstrated that it suffered an injury through the application of Section 9-4025(b)(33) of the Zoning Ordinance. Because Plaintiff has not demonstrated that is was injured by the application of any other provision of either the Sign Ordinance or the Zoning Ordinance, the Court finds that Plaintiff lacks standing to challenge the constitutionality of any provision other than Section 9-4025(b)(33). The Court, therefore, **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss and **DISMISS without prejudice** Plaintiff's federal constitutional challenges to the remaining provisions of the Sign and Zoning Ordinances.

    **B.**    **The Complaint Fails to State a Claim as to Counts Three and Four**

Even assuming that Plaintiff did have standing to challenge the constitutionality of the ordinances, the Complaint fails to state a claim for relief as to the federal constitutional challenges to the ordinances. The Complaint alleges in a conclusory manner that every single section of both the Zoning Ordinance and the Sign Ordinance that restricts signs is unconstitutional under the First Amendment and the Fourteen Amendment to the United States Constitution. (Pl.'s Compl. ¶¶ 17, 28, 37.) Such conclusory allegations, however, fail to satisfy the pleading requirements as set forth by the Supreme Court and Fourth Circuit. See Twombly, 550 U.S. at 555, 127 S. Ct. at 1965; Iqbal, 556 U.S. ____, 129 S. Ct. at 1949; Consumeraffairs.com, 591 F.3d at 256. At a minimum, Plaintiff must identify the specific provisions of the Sign and Zoning Ordinances it is challenging, the grounds pursuant to which it is challenging that specific provision, and the factual allegations supporting each claim. A plaintiff does not state a claim for relief by alleging in a conclusory manner that every single regulation that has anything to do with a sign contained anywhere in a municipality's zoning ordinance and its sign ordinance violates the First and Fourteen Amendment. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss and Dismiss Plaintiff's federal constitutional challenge to Section 9-4025(b)(33) for failure to state a claim under Rule 12(b)(6).

Although Plaintiff attempts to salvage the deficiencies of its Complaint in its Response to the Motion to Dismiss by offering specific grounds pursuant to which Section 9-4025(b)(33) is unconstitutional, such grounds, even if they were properly pled in the Complaint, would fail to state a claim. For example, Plaintiff contends that the ordinance fails to enumerate any governmental interest or societal purpose to justify the prohibition of billboards in C-2 zones. Aside from the fact that this contention ignores the stated purpose and intent for enacting both the general Zoning Ordinance and Section 9-4025 contained in the Zoning Ordinance, see Town of Canton, Code of Gen. Ordinances §§ 9-4001, 9-4025(a), the Fourth Circuit in a recent unpublished opinion explained that it "has never required that a challenged ordinance include an explicit declaration of the underlying governmental purposes, nor do we believe that such a requirement is implicit in the Central Hudson standard." Covenant Media of S.C., LLC v. Town of Surfside Beach, 321 F. App'x 251, 254 (4th Cir. 2009) (unpublished). "The absence of an explicit statement of purpose in the billboard ordinance therefore does not render the ordinance invalid under Central Hudson." Id. Moreover, the purposes for banning billboards from C-2 zones offered by Canton in response to Plaintiff's lawsuit - the promotion of traffic safety and aesthetics - have consistently been held to be substantial governmental interests that are directly advanced by an

11

ordinance prohibiting billboards. See Georgia Outdoor Adver., Inc. v. City of Waynesville, 833 F.2d 43, 46 (4th Cir. 1987) ("It requires neither elaboration nor citation to say that an ordinance regulating billboards is likely to advance the objective of enhancing the beauty of a city, and that no less intrusive method would adequately protect the city's interest."); Naegele Outdoor Adver., Inc. v. City of Durham, 844 F.2d 172, 173-74 (4th Cir. 1988); Town of Surfside, 321 F. App'x at 254. "[I]n this circuit it is beyond question that a municipal government may prohibit all off-site billboards without offending the first amendment." Revere Nat. Corp., Inc. v. Prince George's Cnty., 117 F.3d 1414 (4th Cir. 1997) (unpublished). Accordingly, even if the Complaint properly asserted a claim in Count Three as to Section 9-4025(b)(33), it would be subject to dismissal.[3]

### C. Plaintiff's Request for a Declaratory Judgment

Plaintiff also requests that the Court enter a declaratory judgment finding that the Sign and Zoning Ordinances allow the signs at issue and seeks a writ of

---

[3] In addition, the Complaint contains no allegations supporting a claim that Section 9-4025(b)(33) - which prohibits billboards in a C-2 zone - favors the speech of certain entities as alleged in Count Four. Plaintiff has not pointed the Court to any exemption in the Zoning Ordinance that would exempt Canton and its officials from the requirements of Section 9-4025(b)(33).

mandamus directing Defendants to allow Plaintiff to erect the billboards.

Although Plaintiff styled Count One as a request for declaratory judgment, it is actually an attempt to appeal the decision of the Board pursuant to Section 9-4117, which provides that:

> any person or persons, jointly or severally, aggrieved by any decision of the Board, any taxpayer, or any officer, department, board or bureau of the Town of Canton, may within 30 days after the filing of the decision in the office of the Board, but not thereafter, present to a court of competent jurisdiction a petition duly verified, setting forth that such decision is illegal, in whole or in part, specifying that ground of illegality, whereupon the decision of the Board shall be subject to review by certiorari as provided by law.

Code of Gen. Ordinance § 9-4001. In addition, N.C. Gen. Stat. § 160A-388 provides that:

> every decision of the board shall be subject to review by the superior court by proceedings in the nature of certiorari. Any petition for review by the superior court shall be filed with the clerk of superior court within 30 days after the decision of the board is filed in such office as the ordinance specifies, or after a written copy thereof is delivered to every aggrieved party who has filed a written request for such copy with the secretary or chairman of the board at the time of its hearing of the case, whichever is later. The decision of the board may be delivered to the aggrieved party either by personal service or by registered mail or certified mail return receipt requested.

N.C. Gen. Stat. § 160A-388(e)(2). In short, Plaintiff wants this Court to perform the role of the superior court and hear what should have been filed as a petition for certiorari with the superior court.

Sitting as an appellate court for the decisions of municipal zoning boards is

13

not the role of this Court. Having recommended that the District Court dismiss the federal law claims, and this action not coming within the Court's diversity jurisdiction, the Court **RECOMMENDS** that the District Court **DISMISS without prejudice** the request for declaratory judgment and for a writ of mandamus contained in Counts One and Two. See 28 U.S.C. § 2201(a); Volvo Const. Equip. N.A., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 592 (4th Cir. 2004).

D.   **The State Law Claims**

Plaintiff also asserts claims under the North Carolina Constitution. The Court **RECOMMENDS** that the District Court decline to exercise supplemental jurisdiction over the remaining state law claims.

IV.   **Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 7].

Signed: February 3, 2012

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service**

**of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).