**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL CASE NO. 1:11cv58**

| | |
|---|---|
| **ALLISON OUTDOOR ADVERTISING, LP,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **O R D E R** |
| ) | |
| **TOWN OF CANTON, NORTH CAROLINA and LINTON WHEELER, in his official capacity as Town Building Inspector,** ) ) ) ) | |
| ) | |
| **Defendants.** ) | |
| **_____** ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [Doc. 7]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of that Motion [Doc. 15]; the parties' Objections to the Memorandum and Recommendation [Docs. 17, 18]; and the Plaintiff's Motion for Leave to File an Amended Complaint [Doc. 16].

## I.    PROCEDURAL BACKGROUND

The Plaintiff Allison Outdoor Advertising, LP initiated this action on March 22, 2011, against the Town of Canton, North Carolina ("Town"), and Linton Wheeler, in his official capacity of Town Building Inspector ("Wheeler"),

challenging the Town's denial of Plaintiff's applications to erect billboards within the Town's limits. [Complaint, Doc. 1]. The Defendants moved to dismiss the Complaint in its entirety pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. [Motion to Dismiss, Doc. 7].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider Defendants' Motion to Dismiss and to submit a recommendation for its disposition. On February 3, 2012, the Magistrate Judge entered a Memorandum and Recommendation recommending that the Defendants' Motion be granted. [Memorandum and Recommendation ("M&R), Doc. 15]. Both parties filed Objections to the Memorandum and Recommendation. [Objections, Docs. 17, 18]. At the same time that Objections were filed, the Plaintiff filed a motion seeking leave to file an Amended Complaint. [Motion to Amend, Doc. 16]. The parties have responded to each other's Objections. [Responses, Docs. 20, 23]. Additionally, the Defendants have filed a Response to Plaintiff's Motion to Amend, indicating their partial opposition to the Motion. [Response, Doc. 22].

Having been fully briefed, these matters are now ripe for disposition.

## II.   STANDARD OF REVIEW

### A.   Standard of Review Applicable to Objections to Magistrate Judge's Memorandum and Recommendation

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."  United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).  The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised.  Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).  Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

### B.   Rule 12(b)(1) Standard of Review

Federal district courts are courts of limited jurisdiction.  United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009).  "Thus, when a

district court lacks subject matter jurisdiction over an action, the action must be dismissed." Id. The lack of subject matter jurisdiction is an issue that may be raised at any time. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008); see also Fed. R. Civ. P. 12(h)(3).

When subject matter jurisdiction is challenged in fact, the plaintiff has the burden of demonstrating the existence of subject matter jurisdiction by a preponderance of the evidence. Vuyyuru, 555 F.3d at 347-48 (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). "If the jurisdictional facts are so intertwined with the facts upon which the ultimate issues on the merits must be resolved, the entire factual dispute is appropriately resolved only by a proceeding on the merits." Vuyyuru, 555 F.3d at 348 (internal citations and quotation marks omitted). Where, as here, the jurisdictional facts are not intertwined with the facts central to the merits of the case, the Court itself may resolve the jurisdictional issue. In so doing, the Court may consider evidence beyond the allegations of the complaint without converting the motion to dismiss to one for summary judgment. Adams, 697 F.2d at 1219.

## C.    Rule 12(b)(6) Standard of Review

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6), the Court is guided by the Supreme Court's instructions in Bell Atlantic Corp. v.

4

*Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). As the Fourth Circuit has noted, "those decisions require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012).

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937.

In reviewing the complaint, the Court must accept the truthfulness of all factual allegations but is not required to assume the truth of "bare legal conclusions." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters*, 684 F.3d at 439.

To survive a Rule 12(b)(6) motion, "a complaint must state a 'plausible claim for relief.'" Id. (quoting Iqbal, 556 U.S. at 678, 129 S.Ct. 1937). Determining whether a complaint states a plausible claim for relief is "a context-specific task," Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009), which requires the Court to assess whether the factual allegations of the complaint are sufficient "to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, 127 S.Ct. 1955. As the Fourth Circuit has recently explained:

> To satisfy this standard, a plaintiff need not forecast evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements. Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is probable, the complaint must advance the plaintiff's claim across the line from conceivable to plausible.

Walters, 684 F.3d at 439 (citations and internal quotation marks omitted).

## III.   FACTUAL BACKGROUND

The Plaintiff is a North Carolina limited partnership[1] that is in the business of posting signs to be used for the dissemination of commercial and noncommercial messages. [Complaint, Doc. 1 at ¶¶ 1, 6]. The Defendant

---

[1] Plaintiff alleges that it is a "limited liability partnership." [Doc. 1 at 1]. The Secretary of State of North Carolina, however, lists Plaintiff as a limited partnership, as would be indicated by the designation "LP" in Plaintiff's name.

Town is a municipal corporation located in Haywood County. [Id. at ¶ 2]. The Defendant Wheeler is a Town official authorized to review and process sign applications. [Id. at ¶ 3].

For years, the Town has had an ordinance ("Zoning Ordinance") that specifies the types of development that are allowed in each zoning district. The Zoning Ordinance allows "advertising signs," *i.e.,* billboards, in some zoning districts but not in other others.[2] For example, billboards are allowed on property with I-2 (Industrial) zoning. [See Complaint, Doc. 1 at ¶ 15]. Under § 9-4025(b)(33) of the Zoning Ordinance, however, billboards are prohibited on property with C-2 (Commercial) zoning. See Town of Canton Zoning Ord. § 9-4025(b)(33).[3]

In 2009, the Town passed another ordinance ("Sign Ordinance"), which imposes size limits and other restrictions on signs within the Town. [Complaint, Doc. 1 at ¶ 7]. The Sign Ordinance defines "outdoor advertising

---

[2]The Zoning Ordinance defines "advertising sign" as a sign "which directs attention to a business, commodity, service or entertainment conducted, sold, or offered elsewhere than on the premises and only incidentally on the premises if at all." Zoning Ord. § 9-4044(38). In other words, a billboard is an "off-premises" sign that promotes something that is not located at the billboard site.

[3]The parties have submitted copies of the relevant municipal ordinances for the Court's consideration. Because such ordinances are "integral to and explicitly relied on in" the Plaintiff's Complaint, and the authenticity of these ordinances is not disputed, the Court may consider these exhibits without converting the Defendants' motion into a motion for summary judgment. See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (citation omitted).

sign" as "a type of advertising sign with overall display dimensions not in excess of 12 by 25 feet (sometimes called 'Billboard')." Town of Canton Sign Ord. § 9-7002. The Sign Ordinance further states that billboards must be

> erected or placed in conformity with the side, front, and rear yard requirements of the district in which located. However, no billboard shall be erected to exceed 30 feet above the ground level or 25 feet in length. No billboard shall be erected or placed closer than within 100 feet of any residential district.

Sign Ord. § 9-7006(H).

The Plaintiff owned and operated a number of signs in and around the Town. Desiring to post new signs in the area, the Plaintiff obtained and reviewed a copy of the Town's Sign Ordinance. [Complaint, Doc. 1 at ¶ 7].

The Plaintiff identified numerous potential sign locations in the Town and obtained the authorization of property owners for the Plaintiff to apply for approval of signs at these locations. [Complaint, Doc. 1 at ¶¶ 9, 10]. Each proposed sign complied with the applicable yard requirements, the height limit of 30 feet, the size limit of 300 square feet, and the distance requirement from residentially-zoned properties as set forth in the Sign Ordinance. [Id. at ¶ 11].

The Plaintiff submitted a total of nine sign application packages to the Town on October 12, 2010. [Id. at ¶ 13]. In a letter dated October 13, 2010, Defendant Wheeler denied all of the Plaintiff's permit requests, citing § 9-

4025(b)(33) of the Town Zoning Ordinance, which prohibits billboards in a C-2 zone.  [Id. at ¶ 14].

The Plaintiff appealed Defendant Wheeler's determination to the Town Board of Zoning Appeals ("Board").[4]  Following a hearing in February 2011, the Board reversed Defendant Wheeler's determination with respect to one of the sign applications on the basis that the proposed sign was located in the I-2 zone.  In all other respects, the Board affirmed the denial of the remaining eight applications on the grounds that they are located in the C-2 zone. [Complaint, Doc. 1 at ¶¶ 19, 20].

The Plaintiff did not appeal the Board's decision.  See generally N.C. Gen. Stat. § 160A-388.  Instead, it filed the present action in this Court, seeking a declaratory judgment and other relief compelling the Town to grant the Plaintiff's permit applications.  [Complaint, Doc. 1].  Specifically, in Count One of the Complaint, the Plaintiff seeks a declaratory judgment that the Town's interpretation of its Sign Ordinance and Zoning Ordinance is erroneous and that the subject signs are in fact authorized.  [Id. at ¶¶ 22-23]. In Count Two, the Plaintiff requests the Court to exercise its mandamus power and direct the Defendants to allow the Plaintiff to install the proposed signs

---

[4]Although the Plaintiff refers to this Board as the "Board of Zoning Appeals," by statute the Board is actually a "board of adjustment."  See N.C. Gen. Stat. § 160A-388.

immediately.  [Id. at ¶¶ 24-26].  In Count Three, the Plaintiff seek a declaratory judgment that the Sign Ordinance and Zoning Ordinance violate both federal and state free speech protections.  [Id. at ¶¶ 27-35].  In Count Four, the Plaintiff seeks a declaratory judgment that the Sign Ordinance and Zoning Ordinance violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution in that the Town's regulations favor governmental speech over the speech of private entities.  [Id. at ¶¶ 36-39]. In addition to declaratory relief, the Plaintiff seeks injunctive relief and damages pursuant to § 1983 for these constitutional violations.  [Id. at ¶¶ 27-35, 36-39].

## IV.   DISCUSSION

### A.   Dismissal of Federal Constitutional Challenges

In the Memorandum and Recommendation, the Magistrate Judge recommended the dismissal of the federal constitutional challenges set forth in Counts Three and Four of the Complaint, reasoning that the Plaintiff lacks standing to challenge the constitutionality of any provision of the Sign Ordinance or the Zoning Ordinance other than § 9-4025(b)(33), as that was the only provision which was cited in the denial of Plaintiff's applications and therefore was the only provision that caused the Plaintiff any injury.  [M&R, Doc. 15 at 7-9].  Even for those claims that the Plaintiff had standing to make,

the Magistrate Judge reasoned that the Complaint fails to satisfy the pleading requirements set forth in Twombly and Iqbal and therefore failed to state a claim upon which relief can be granted. [Id. at 10]. The Plaintiff now objects to both of the Magistrate Judge's conclusions.

In its Complaint, the Plaintiff alleges that its applications for sign permits were denied for just one reason: the billboards were proposed for locations with C-2 zoning, and § 9-4025(b)(33) does not allow billboards in C-2 zones. [See Complaint, Doc. 1 at ¶¶ 14, 20]. The Plaintiff does not allege that its applications were denied for any other reason. Because Section 9-4025(b)(33) is the sole reason that the Plaintiff alleges its applications were denied, the Magistrate Judge correctly concluded that the Plaintiff lacks standing to challenge any other Town regulation. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990); Covenant Media of South Carolina, LLC v. City of North Charleston, 493 F.3d 421, 429-30 (4th Cir. 2007); Covenant Media of North Carolina, L.L.C. v. City of Monroe, 285 F. App'x 30, 34 (4th Cir. 2008).

Although the Plaintiff's Complaint alleges that § 9-4025(b)(33) was the sole basis for the denial of its applications, the Plaintiff now argues that it nevertheless was injured by other regulations and thus has standing to

challenge these provisions. First, the Plaintiff argues it was injured because the Town regulations lack time parameters, thereby allowing indefinite delays in permitting decisions. [See Plaintiff's Objections, Doc. 17 at 4-5]. The Complaint does not allege, however, that the Plaintiff was injured by any delay in the denial of the permit applications. To the contrary, the Complaint alleges that the Town denied those applications the day after the Plaintiff submitted them. [See Complaint, Doc. 1 at ¶¶ 13, 14 (alleging applications submitted October 12, 2010, and denied October 13, 2010)]. Thus, even if the Town's regulations did allow for indefinite delays, the Plaintiff has not alleged that it was injured by any such delay and therefore lacks standing to bring such a claim.

The Plaintiff nevertheless argues that it was harmed by the lack of procedural safeguards in the Town's Ordinances, as the Town unreasonably delayed in issuing the permit for the Plaintiff's ninth proposed billboard, the one proposed for a site with I-2 Industrial zoning, where billboards are allowed. [Plaintiff's Objections, Doc. 17 at 4-5]. The Complaint, however, does not set forth any allegations about this delay and therefore this claim is not before the Court. Rather, these allegations are set forth in the Plaintiff's proposed Amended Complaint, which the Plaintiff sought to file only after the

Magistrate Judge issued his Recommendation. The Plaintiff's proposed amendment is discussed in further detail in a later section of this opinion.

The Plaintiff also now contends that it has been injured by, and therefore has standing to challenge, an exemption in the Town's regulations that allows governmental entities to erect billboards under C-2 zoning. [Plaintiff's Objections, Doc. 17 at 2-4]. The allegations of the Plaintiff's own Complaint, however, contradicts the Plaintiff's argument.

The Plaintiff claims in its Objections that § 9-7004(B) of the Town Code exempts government signs "from all regulations applicable to other signs." [Plaintiff's Objections, Doc. 17 at 2]. Thus, the Plaintiff contends, while it is barred from erecting billboards under C-2 zoning pursuant to Section 9-7004(B), "the Town itself could post identically sized signs bearing favored messages without interference." [Id. at 4]. In fact, however, § 9-7004(B) states only that "The following signs are exempt from the regulations *of this chapter* . . . (B) Governmental signs, including traffic warning or regulatory signs or devices." Sign Ord. § 9-7004(B) (emphasis added). Section 9-7004(B) exempts government signs only from those regulations found in *the same chapter of the Town Code*, which is Chapter 7, *i.e.*, the Sign Ordinance. Section 9-4025(b)(33), which bars billboards under C-2 zoning, is not in

13

Chapter 7; it is instead in the Town's Zoning Ordinance, which is Chapter 4 of Part 9, Division II of the Town Code. Zoning Ord. § 9-4025(b)(33). Because § 9-7004(B), by its own terms, exempts government signs only from the regulations in Chapter 7, it does not exempt government signs from any of the zoning regulations in Chapter 4, including § 9-4025(b)(33). Therefore, just like the Plaintiff, the Town and other governmental entities are barred from erecting billboards on properties with C-2 zoning. Because even governmental entities cannot erect billboards under C-2 zoning, the Plaintiff has not stated any plausible claim that it has been injured by § 9-7004(B).

Plaintiff's conclusory assertion -- that § 9-7004(B) somehow exempts governmental entities from the ban on billboards under C-2 zoning -- is also the sole basis for the Plaintiff's equal protection claim. [See Objections, Doc. 17 at 10-11]. Because Complaint fails to allege any facts in support of this conclusory theory, the Plaintiff's equal protection claim also fails.

As the Magistrate Judge correctly noted, the Plaintiff's Complaint fails to state a plausible claim concerning any Town regulation. While the Complaint vaguely asserts that unspecified Town regulations are unconstitutional, the Complaint does not identify the regulations at issue or allege sufficient facts to support the Plaintiff's claim that those regulations are

unconstitutional. As the Magistrate Judge correctly concluded, this fails the minimum pleading requirements established by the Supreme Court and the Fourth Circuit, which require that a complaint contain more than just legal conclusions and "[t]hreadbare recitals of the elements of a cause of action[.]" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 258 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678, 129 S.Ct. 1937).

In objecting to Judge Howell's Recommendation, the Plaintiff urges this Court to follow a decision of the Northern District of Georgia in which the district court ruled that the plaintiff need not specify in its complaint which provisions of a sign ordinance it was challenging. [See Objections, Doc. 17 at 6-8 (citing Roma Outdoor Creations, Inc. v. City of Cumming, 558 F. Supp.2d 1283 (N.D. Ga. 2008)]. Being a district case from another circuit, Roma is not controlling authority. The case is not even persuasive authority, moreover, as it was decided before the Supreme Court's decision in Iqbal and further offers no explanation for how the vague complaint before it satisfied the pleading standards set forth in Twombly. The Magistrate Judge therefore correctly disregarded Roma and instead followed controlling Supreme Court and Fourth Circuit precedent in concluding that the Plaintiff was required to identify the ordinance provisions it is challenging and to allege sufficient facts

to state a plausible claim with regard to those provisions. The Plaintiffs' objection on this point, therefore, is overruled.

In its Objections, the Plaintiff argues that the Magistrate Judge erred in concluding that the Plaintiff's constitutional challenge to § 9-4025(b)(33) fails as a matter of law. In so arguing, the Plaintiff argues that the Magistrate Judge improperly disregarded the Supreme Court's decision in <u>Central Hudson Gas & Elec. Corp. v. Public Service Commission</u>, 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980), which held that a commercial speech regulation must advance a substantial governmental interest. [Plaintiff's Objections, Doc. 17 at 6]. As the Magistrate Judge correctly noted, however, the Plaintiff's attack on § 9-4025(b)(33) is based on a theory that those governmental interests must be stated *in the regulation itself*, a requirement found nowhere in <u>Central Hudson</u>. [<u>See</u> M&R, Doc. 15 at 11-12]. Contrary to the Plaintiff's argument, the Fourth Circuit has made clear that "[t]he absence of an explicit statement of purpose in the billboard ordinance . . . does not render the ordinance invalid under <u>Central Hudson</u>." <u>Covenant Media of South Carolina, LLC v. Town of Surfside Beach</u>, 321 F. App'x 251, 254 (4th Cir. 2009). The Magistrate Judge, therefore, correctly concluded that even if the Plaintiff had specifically alleged in its Complaint that § 9-4025(b)(33) is

constitutionally invalid due to its failure to include a statement of purpose within the text of the ordinance itself, the Plaintiff's claim would still fail as a matter of law.

The Plaintiff further contends that the Magistrate Judge erred in finding that the Town has demonstrated that its billboard ban served a substantial governmental interest. Specifically, the Plaintiff argues that such a finding cannot be made at this stage in the litigation because neither party has yet presented evidence on whether the prohibition against billboards under C-2 zoning actually promotes such interests. [Plaintiff's Objections, Doc. 17 at 7-10]. The Plaintiff's argument on this point is without merit. In discussing the stated purposes behind the billboard ban [M&R, Doc. 15 at 11-12], the Magistrate Judge was merely highlighting the fact that the Fourth Circuit has held on numerous occasions that such purposes are substantial governmental interests that are directly advanced by ordinances limiting or prohibiting billboards. [See id. (citing cases)]. Thus, even if the Plaintiff had stated a proper constitutional challenge to § 9-4025(b)(33) -- which the Magistrate Judge correctly concluded the Plaintiff had failed to do -- the claim would still be subject to dismissal. The Court finds no error in the Magistrate Judge's

assessment in this regard. The Plaintiff's Objections to the dismissal of Counts Three and Four are therefore overruled.

### B.    Dismissal of Counts One and Two

In the Memorandum and Recommendation, the Magistrate Judge recommended the dismissal without prejudice of Counts One and Two of the Complaint on the grounds that these causes of action are "actually an attempt to appeal the decision of the Board," which the Magistrate Judge concluded, "is not the role of this Court." [M&R, Doc. 15 at 13-14]. The Magistrate Judge accordingly recommended that, in the absence of any remaining valid federal claims, the Court should decline to exercise supplemental jurisdiction over Counts One and Two. [Id. at 14].

The Plaintiff objects to the Magistrate Judge's conclusion in this regard, arguing that because the federal constitutional claims are valid, exercise of supplemental jurisdiction over these claims would be proper. [Plaintiff's Objections, Doc. 17 at 11]. The Defendants also object to this portion of the Memorandum and Recommendation, but only insofar as the Magistrate Judge characterized these Counts as an attempt to appeal the decision of the Board. The Defendants contend that these Counts, as pled, constitute a collateral

attack on the Board's decision, not an appeal, and therefore were improperly brought before this Court.  [Defendants' Objections, Doc. 18 at 3-6].

Regardless of whether Counts One and Two are characterized as an appeal of the Board's decision or as a collateral attack on the Board's decision, the Magistrate Judge correctly concluded that these Counts should be dismissed.  A decision of a board of adjustment "shall be subject to review by the superior court by proceedings in the nature of certiorari."  N.C. Gen. Stat. § 160A-388(e2).  Subject to the authority of the superior court to review the decision on certiorari, the decision of a board of adjustment is final and is not subject to collateral attack.  See, e.g., County of Durham v. Addison, 262 N.C. 280, 283, 136 S.E.2d 600, 603 (1964) (stating that "[t]he decision of the Board of Adjustment is not subject to collateral attack" in a separate civil action); see also Moore v. City of Asheville, 396 F.3d 385, 388 (4th Cir. 2005) ("[A] defendant to a coercive state administrative proceeding must exhaust his state administrative and judicial remedies and may not bypass them in favor of a federal court proceeding in which he seeks effectively 'to annul the results' of a state administrative body.").  Thus, to the extent that Counts One and Two of the Complaint can be construed as requests for declaratory relief

and a writ of mandamus, such Counts are improper collateral attacks on the decision of the Board and must be dismissed.

Even if these Counts were construed as an appeal of the Board's decision, the Plaintiff fares no better. Once the Plaintiff received an adverse determination from the Board, the only avenue available for challenging the Board's decision was to file a petition for writ of *certiorari* in the Haywood County Superior Court. See N.C. Gen. Stat. § 160A-388(e2) ("Every decision of the board shall be subject to review by the superior court by proceedings in the nature of certiorari."); N.C. Gen. Stat. § 160A-393(f) ("Upon filing the petition, the petitioner shall present the petition and a proposed writ of certiorari to the clerk of superior court of the county in which the matter arose."). Despite this clear statutory language, the Plaintiff maintains that such appeal may nevertheless be filed in this Court, as the Town Zoning Ordinance requires only that an appeal from the Board's decision be filed with a "court of competent jurisdiction" within 30 days of the Board's decision. See Zoning Ord. § 9-4117. The Plaintiff further argues that "nothing in the law [N.C. Gen. Stat. 160A-388] makes the Haywood County Superior Court the *exclusive* forum for appealing the Board of Adjustment's decision." [Plaintiff's Response to Motion to Dismiss, Doc. 9 at 7-8]. The *only* forum identified by

state statute, however, is the superior court in the county "in which the matter arose," N.C. Gen. Stat. § 160A-393(f), and thus the only "court of competent jurisdiction" for the Plaintiff's appeal would be the Superior Court for Haywood County.

The Plaintiff argues that had it brought this present action in state court, the Defendants would have had the ability to remove the case in light of the asserted federal constitutional issues. By filing the action in this Court, and invoking the Court's supplemental jurisdiction, the Plaintiff argues that it "has short-circuited the delay which have been occasioned by removal." [Id. at 9]. The underlying premise of this argument, however, is not correct. Had the Plaintiff filed this action as an appeal in state superior court, as required by statute, the Plaintiff would have been precluded from asserting any constitutional challenges to the Town's Ordinances within that appeal. Rather, the Plaintiff would have been required to file its constitutional challenges as a separate civil action. See Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 157 n.5 (4th Cir. 2009) ("Under North Carolina law, the appropriate avenue to challenge the constitutionality of a zoning ordinance is to file a *separate* civil action in state court."); Dobo v. Zoning Bd. of Adjustment, 149 N.C. App. 701, 706, 562 S.E.2d 108, 112 (2002) ("The

superior court did not have the statutory authority to address petitioners' constitutional challenges to the validity of the Zoning Ordinance. We note that such issues may be appropriately adjudicated by means of a separate civil action instituted in superior court."), <u>rev'd in part on other grounds</u>, 356 N.C. 656, 576 S.E.2d 324 (2003). Thus, Plaintiff's assertion of federal constitutional challenges would not have created a basis for the Defendants to seek removal of the Plaintiff's appeal to this Court.

In sum, the Court concludes that it lacks jurisdiction to entertain the Plaintiff's request for review of the decision of the Board, whether such request is characterized as an appeal or a collateral attack to the decision. For these reasons, the parties' Objections are overruled, and the Court accepts the Magistrate Judge's recommendation that Counts One and Two of the Complaint be dismissed without prejudice.

### C. Dismissal of State Constitutional Challenges

In Count Three of the Complaint, the Plaintiff asserts a claim under the North Carolina Constitution. The Magistrate Judge recommended that this Court decline to exercise supplemental jurisdiction over this state law claim. [M&R, Doc. 15 at 14]. Having determined that no valid federal claims remain, the Court hereby accepts the Magistrate Judge's recommendation with

respect to the Plaintiff's state constitutional challenge, and this claim is therefore dismissed without prejudice.

### D.    Plaintiff's Motion to Amend

Along with its Objections to the Memorandum and Recommendation, the Plaintiff moves for leave to file an Amended Complaint. The Plaintiff contends that such an amendment is warranted in order (1) to allege additional facts and assert an additional claim which became ripe only after the entry of the Memorandum and Recommendation and (2) to "add further detail and clarity" to Plaintiff's original constitutional claims in order to address the pleading deficiencies identified in the Memorandum and Recommendation. [Motion to Amend, Doc. 16 at 1].

The Plaintiff alleges in its original Complaint that by the Board's February 2011 ruling that the Town was obligated to issue Plaintiff a permit for the sign proposed to be placed on I-2 zoned property. [Complaint, Doc. 1 at ¶¶ 15, 20]. The Plaintiff now seeks leave to amend its Complaint to allege that the Town unreasonably delayed in granting this permit for more than a year. As a result of the Town's unreasonable delay in processing this permit, the Plaintiff alleges that it lost at least ten months' worth of revenue from the sign, which amounts to several thousand dollars in lost profits. The

Plaintiff alleges that its losses are directly attributable to the fact that the Town's Sign and Zoning Ordinances have no procedural safeguards (such as time limits on the permitting process) and are therefore constitutionally invalid. [Memorandum in Support of Motion to Amend, Doc. 16-1 at 3].

The Defendants do not oppose the Plaintiff's request for leave to amend its Complaint to include allegations and claims regarding the delay in approval of the I-2 sign permit. [Doc. 22 at 1-2]. In light of the Defendants' consent, the Court will allow the Plaintiff to file an Amended Complaint asserting a claim against the Town for the unreasonable delay in processing the I-2 sign permit application.

As for the remainder of the amendments proposed by the Plaintiff, however, the Court concludes that leave to amend should not be allowed. A party may amend its own pleading once as a matter of course within twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B). In all other cases, a party may amend only with the consent of the opposing party or with leave of Court. Fed. R. Civ. P. 15(a)(2). Ordinarily, the Court "should freely give leave when justice so requires." Id.; Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

While leave should be given freely, the Court in its discretion may deny a motion to amend where there has been "a showing of prejudice, bad faith, futility, or dilatoriness associated with the motion." Sandcrest Outpatient Servs., P.A. v. Cumberland County Hosp. Sys., Inc., 853 F.2d 1139, 1148 (4th Cir. 1988) (quoting Ward Elec. Serv. v. First Comm. Bank, 819 F.2d 496, 497 (4th Cir. 1987)). Moreover, where a motion to amend is filed in an attempt to circumvent a dispositive motion, leave to amend need not be granted. See Googerdy v. N.C. Agric. and Technical State Univ., 386 F.Supp.2d 618, 623 (M.D.N.C. 2005).

In the present case, the Plaintiff had twenty-one days from the filing of the Defendants' motion to dismiss to file an amended complaint as of right and to address the pleading deficiencies identified by the Defendants in their motion. See Fed. R. Civ. P. 15(a)(1)(B). Despite having the unilateral right to do so, the Plaintiffs failed to amend their Complaint within the time required. Having failed to amend its pleading and to address the deficiencies identified by the Defendants, the Plaintiff left the Court with no option but to address the motion to dismiss on its merits. In so doing, the Magistrate Judge engaged in an exhaustive and thorough analysis of each of the Plaintiffs' causes of action. After carefully analyzing each of the Plaintiffs' claims and the factual

allegations made in support thereof, the Magistrate Judge issued his recommendation that the Defendants' motion to dismiss be granted in its entirety.

Plaintiff's motion to amend was filed in an obvious attempt to circumvent the recommendation of the Magistrate Judge regarding the disposition of the Defendants' motion to dismiss. See Googerdy, 386 F.Supp.2d at 623. In fact, the Plaintiff urges the Court in its Objections to disregard in its entirety the Magistrate Judge's Memorandum and Recommendation in light of the Plaintiff's proposed amendment. [Plaintiff's Objections, Doc. 17 at 12].

To allow the Plaintiff to amend its Complaint at this stage of the proceedings, after the Magistrate Judge has issued a formal recommendation regarding the disposition of a dispositive motion, would not only prejudice the Defendants, who have expended the time and expense of fully briefing a motion to dismiss; it "would encourage dilatory practices on the part of plaintiffs in delaying motions for leave to amend until after they have the benefit of a Magistrate Judge's opinion . . . ." Glazer v. Chase Home Finance LLC, No. 1:09CV1262, 2010 WL 1391318, at *1 (N.D. Ohio Mar. 31, 2010). Moreover, allowing such amendment would "impermissibly place a federal judge in the position of rendering advisory opinions." Id. The referral of a

dispositive motion to the Magistrate Judge for a recommendation as to its disposition is not intended to provide the parties with a advisory ruling on the sufficiency of their pleadings. Rather, it is a mechanism by which the Magistrate Judge can evaluate the merits of a dispositive motion and make recommendations to the District Court regarding its disposition. Once a Magistrate Judge has made a recommendation, the parties must file properly supported objections in order to obtain *de novo* review by the District Court. See <u>Orpiano</u>, 687 F.2d at 47. Plaintiff's proposed amendment, however, would render this entire procedure a nullity and "would wreak havoc on the judicial system by adding substantial delay and undermining the Federal Rules of Civil Procedure." <u>Googerdy</u>, 386 F.Supp.2d at 623.

Even if the Plaintiff were permitted to circumvent the Magistrate Judge's recommendation by amending its Complaint, the Court would still deny the Plaintiff's proposed amendments as futile. Unlike the proposed amendments that concern the granted I-2 permit, the other amendments proposed by the Plaintiff do not concern events that allegedly happened since the Complaint was filed. Instead, they are additional allegations and claims about the denial of Plaintiff's other eight permit applications. Many of these proposed amendments merely seek to add legal conclusions. [<u>See</u> Proposed Amended

Complaint, Doc. 16-2 at ¶¶ 22, 31, 32, 37-40, 43-47, 49, 54, and 55].  Adding these legal conclusions would not affect the sufficiency of Plaintiff's pleadings for purposes of the Defendants' Motion To Dismiss.  On a Rule 12(b)(6) motion to dismiss, this Court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments."  Philips v. Pitt County Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citation omitted).

Moreover, the claims that the Plaintiff seeks to add fail as a matter of law.  First, with the proposed addition of Paragraphs 37-40 of the Amended Complaint, the Plaintiff seeks to claim that § 9-4025(b)(33) of the Town Code, which bars billboards under C-2 zoning, is unconstitutional because it lacks a specific statement of purpose that explains why billboards are not allowed under C-2.  [See Proposed Amended Complaint, Doc. 16-2 at ¶¶ 37-40].  For the reasons previously stated herein, however, this claim would fail as a matter of law.  Similarly, the Plaintiff seeks to add a claim that § 9-7004(B) of the Town Code exempts government signs from the ban on billboards under C-2 zoning, thereby discriminating against private entities like the Plaintiff.  [See Proposed Amended Complaint, Doc. 16-2 at ¶¶ 43-47, 54-55].  This claim, too, fails as a matter of law for the reasons previously stated.  Finally,

the Plaintiff seeks amendments to clarify that this action is intended as an "appeal" from the decision of the Town's Board of Adjustment. [See Proposed Amended Complaint, Doc. 16-2 at ¶¶ 22-24, 31-32]. For the reasons already discussed herein, such amendments would be futile, as only the Haywood County Superior Court has jurisdiction to hear an appeal of the Board's decision.

For these reasons, the Plaintiff's motion for leave to file an amended complaint is granted, but only with respect to the Plaintiff's claims arising out of the delay in granting the I-2 sign permit. In all other respect, the Plaintiff's motion to amend is denied.

## V.    CONCLUSION

For the reasons stated therein, the Court hereby accepts the Magistrate Judge's recommendation that the Defendants' Motion to Dismiss be granted.

**IT IS, THEREFORE, ORDERED** that the parties' Objections to the Memorandum and Recommendation [Docs. 17, 18] are **OVERRULED**; the Magistrate Judge's Memorandum and Recommendation [Doc. 15] is **ACCEPTED**; and the Defendants' Motion to Dismiss [Doc. 7] is **GRANTED** as follows:

(1)     Counts One and Two of the Complaint are **DISMISSED WITHOUT PREJUDICE**;

(2)     Plaintiff's federal constitutional challenges to Town Ordinance § 9-4025(b)(33), as set forth Counts Three and Four of the Complaint, are **DISMISSED** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff's federal constitutional challenges to the remaining provisions of the Town's Sign and Zoning Ordinances, as set forth Counts Three and Four of the Complaint, are **DISMISSED WITHOUT PREJUDICE**; and

(3)     The Court declines to exercise supplemental jurisdiction over the Plaintiff's state constitutional challenge as set forth in Count Three of the Complaint, and this claim is therefore **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Leave to File an Amended Complaint [Doc. 16] is **GRANTED IN PART**, but only to the extent that the Plaintiff is hereby granted leave to file an Amended Complaint asserting a claim regarding the delay in the processing of the I-2 sign permit. In all other respects, Plaintiff's Motion [Doc. 16] is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall filed its Amended Complaint within twenty-one (21) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: September 14, 2012

Martin Reidinger
United States District Judge